UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **LESLIE JEFFERSON** | **CIVIL ACTION NO. 10-1317-P** |
| **VERSUS** | **JUDGE HICKS** |
| **DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Leslie Jefferson ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on August 13, 2010. Plaintiff is currently incarcerated at the Dixon Correctional Institute, but claims his civil rights were violated by prison officials while incarcerated at the David Wade Correctional Center in Homer, Louisiana. He names the Department of Public Safety and Corrections, Nurse Lee, Jerry Goodwin, James LeBlanc, Nurse Jeff, and John Doe as defendants.

Plaintiff claims the top bunks at David Wade Correctional Center did not have ladders and/or safety guard rails. He claims that on March 30, 2009, he fell from the top bunk while sleeping. He claims he was sent to the prison infirmary for emergency

treatment. He claims his injuries were severe. He claims he injured his right wrist, had bruises and cuts on his right ear, had a gash behind his right ear, had back pains, and a concussion.

Plaintiff claims Nurse Lee determined that he did not need emergency treatment. He claims he was not examined by a doctor at the prison infirmary. He claims Nurse Lee accused him of causing the injuries to himself and threatened to write him up for self mutilation. He claims Nurse Lee treated the gash on the back of his head with tape stitches. He claims he received no other treatment at this time and was referred back to his housing assignment. He claims Captain Gray moved him to a bottom bunk because of his injuries.

Plaintiff claims his pain increased and the gash behind his ear continued to bleed. He claims he declared himself an emergency and was escorted to the prison infirmary. He claims Nurse Lee wiped the blood and wrapped his head with an ace bandage. He claims he was then referred back to his housing assignment.

Plaintiff claims his condition did not improve and he had to declare another emergency. He claims that upon his arrival at the infirmary, Nurse Lee removed the bandage, wiped the wound, and removed the tape stitches. He claims Captain Gray took pictures of his injuries. Plaintiff claims he was then referred back to his housing assignment.

Plaintiff claims that on March 31, 2009, he was transported to EA Conway Hospital for emergency treatment and stitches. He claims he was in severe pain and the trip to the hospital took approximately one and a half hours.

Plaintiff claims that on April 1, 2009, he declared another medical emergency because of pain. He claims Nurse Jeff provided him with no medical treatment. He claims he was not given a medical duty status or a bottom bunk status. He claims he was sent to perform his regular duty assignment of hard labor in the prison field.

Plaintiff claims he was never returned to the hospital or any other medical facility for follow-up treatment for his injuries. Plaintiff admits he did receive stitches, a CI scan, and Ibuprofen for pain. Plaintiff claims he was denied therapy, different medications for pain, and additional tests. Plaintiff claims prison rules and regulations prohibit repeated and/or frequent sick call complaints and consider it a disciplinary rule violation. Plaintiff claims these rules and regulations hindered his ability to properly address his injuries.

Plaintiff claims that as a result of his injuries, he suffers from migraine headaches, back pain, impaired vision, impaired hearing, weight loss, stress, laziness, fear of heights and loud noises, forgetfulness, and a painful keloid behind his right ear.

Plaintiff claims he filed a grievance in the administrative remedy procedure. He claims Warden Goodwin denied his grievance. Plaintiff claims James LeBlanc denied his appeal.

As relief, Plaintiff seeks declaratory relief, injunctive relief, compensatory damages, punitive damages, and any other relief that is just, proper, and equitable.

For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

**Conditions of Confinement**

   Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment. Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

   An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991).  First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)).  Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979.  In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety. See id., 114 S. Ct. at 1979.  However, mere

neglect and/or negligence do not constitute deliberate indifference. See Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding that the defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities. See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324. Plaintiff claims he fell from the top bunk while sleeping because there were no guard rails. The Court finds that the lack of guard rails on a top bunk does not create a substantial risk of serious harm. At best, this is an allegation of negligence and negligence does not constitute deliberate indifference. See Fielder, 590 F.2d at 107. Thus, Plaintiff's claim has failed to satisfy the first and second components of an Eighth Amendment claim.

Accordingly, Plaintiff's claim regarding the conditions of his confinement should be dismissed with prejudice as frivolous.

**Medical Treatment**

Plaintiff claims he was denied adequate medical care after he fell from the top bunk. Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs. To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997); Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex.

1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992). Plaintiff admits he received medical treatment on March 30, 2009 immediately after the fall, March 31, 2009, and April 1, 2009. He admits the gash on the back of his head was treated with stitches, cleaned and bandaged. He admits he was transported to the hospital the day after his fall and received treatment. He further admits he had a CI scan and was given Ibuprofen for pain.

Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton." However, Plaintiff argues he should have been provided therapy, different pain medications, and additional tests. As previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988)

Accordingly, Plaintiff's claims regarding his medical treatment should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge the at time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 24th day of May 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE